Henderson, Judge.
— It has been very impressively urged upon us, in a short and pithy argument, that this claim is not barred by lapse of time; and the case of Falls v. Torrance, is cited as in point. In that case, we considered the trust, as to the negroes, an open one; for it was very clearly shown, by documentary evidence, that they never were brought into account, because of an unfounded claim of the widow. Frequent recognitions of these facts were made during the whole of the period relied on, as furnishing evidence of a satisfaction. In this case, however, it does not appear that any part of the father’s estate was not brought into account. As to the interest, that was necessarily passed on when the principal was; and although the Plaintiff being an infant, was not bound by the settlement made by her grandfather, yet she was of mature years, and knew that it had been made, was able to understand it, and communicate to her husband what had been done. Now, after waiting more than twenty-two years since she came of age, and she was twenty-four or five when she married, and after the death of her grandfather, who liad a principal share in the settlement, nay, almost the sole management of if, this claim is preferred.
*195 There is one circumstance which is strong in support of the Defendant’s answer — it is Thomas’s debt. He swears it was considered to be worth but little, Thomas being insolvent, and that he took it as such, and sold it for a small sum. The record filed as an exhibit, confirms him in this, for it appears that the judgment was collected from the. bail. I think this is not an open trust; but that it was closed in 1801 — at least that it then lost that character, notwithstanding the infancy of the Plaintiff. Her infancy, it is true, protected her from being bound by the settlement, but it did not prevent the character of the trust from being changed.
Per Curiam.
— Let the bill be dismissed with costs.